Talin V. Yacoubian (State Bar No. 169439)
YACOUBIAN & POWELL LLP
725 South Figueroa St. Suite 1750
Los Angeles, California 90017
Telephone: (213) 955-7145
Facsimile:  (213) 955-7146

Attorneys for Plaintiffs Sarkis Krikor and Talar Kevorkian Krikor

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SARKIS KRIKOR, an individual;

    Plaintiff,

        vs.

THE SPORTS MALL, LLC, a Florida limited liability company, and DOES 1 through 10, inclusive

    Defendants.

TALAR KEVORKIAN KRIKOR, an individual;

    Plaintiff,

        vs.

THE SPORTS MALL, LLC, a Florida limited liability company, and DOES 1 through 10, inclusive

    Defendants.

Case No. 2:22-CV-05600-DMG (MRWx) Consolidated with Case No. 2:21-CV-02747-DMG (MRWx)

Judge: Hon. Dolly M. Gee

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR**

Hearing Date: March 10, 2023
Time: 9:30 a.m.
Courtroom: 8C

*[Declaration of Talin V. Yacoubian w/Exhibits Filed Concurrently Herewith]*

      Plaintiff TALAR KEVORKIAN KRIKOR, ("Plaintiff"), by and through her undersigned counsel, respectfully submits the following opposition to Defendant THE SPORTS MALL, LLC's ("Defendant" or "Sports Mall") Motion for Attorney's Fees and Costs.

i

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................... 1

II.  FACTUAL AND PROCEDURAL SUMMARY ............................... 2

    1.  KEVORKIAN MATTER ......................................................... 2

    2.  KRIKOR MATTER ............................................................... 3

III. ARGUMENT ................................................................................. 4

    A.  SPORTS MALL CANNOT RECOVER FEES INCURRED IN LITIGATING THE LANHAM ACT CLAIM BECAUSE THIS CASE IS NOT "EXCEPTIONAL" ......................................................... 4

       1.  PLAINTIFF RAISED DEBATABLE ISSUES ................................... 5

         i.  Plaintiff's interpretation of "IN STOCK" was reasonable, even if ultimately the Court disagreed with the interpretation ........................... 5

         ii.  Plaintiff provided evidence that not all items were 100% Authentic. 7

         iii. Plaintiff also believed that she could successfully prove that Sport's Mall's conduct deceived consumers and harmed Plaintiff .................... 7

         iv.  Plaintiff's claims were brought in good faith .................................. 8

    B.  SPORTS MALL IS NOT THE PREVAILING PARTY .......................... 9

       1.  PLAINTIFF KEVORKIAN'S COPYRIGHT CLAIM WAS DISMISSED WITHOUT PREJUDICE AND IS NOT A JUDGMENT ... 9

       2.  SPORTS MALL CANNOT MEET THE STANDARD FOR FEE AWARDS UNDER 17 U.S.C. §505 ......................................... 10

         i.  Degree of Success ........................................................... 11

         ii.  Plaintiff's Position Was Neither Objectively Unreasonable Nor Frivolous .................................................................... 13

         iii. Plaintiff's Motivation Was Pure ....................................... 15

         iv. The Need for Deterrence .................................................. 16

    C.  FEE AWARDS UNDER THE COPYRIGHT ACT ARE NOT MANDATORY ......................................................................... 17

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

1.   Sports Mall is Not The Prevailing Party on the Copyright Claim...... 18

2.   Sports Mall's Demand is Unreasonable................................................. 18

D.   SPORTS MALL CANNOT RECOVER FEES UNDER THE LANHAM ACT ........................................................................................................... 19

1.   The Only Claims on Which Sports Mall Can Possibly Even Request Attorney's Fees is Under the Lanham Act if It Can Prove the Case to Be "Exceptional" ............................................................................................. 19

2.   Sports Mall's Invoices Should be Excised for Duplicative Work by Multiple Counsel, Excessive Fees and Overstaffing ................................. 21

3.   Sports Mall is not entitled to Non-Taxable Costs.............................. 23

i.   Pro hac vice application costs are not recoverable........................ 24

ii.  The deposition fees are unreasonable............................................ 24

iii. Sports Mall cannot recover all of its copying costs ..................... 25

IV. CONCLUSION ........................................................................................ 25

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

# TABLE OF AUTHORITIES

**Cases**

*Apple, Inc. v. Samsung Electronics Co., Ltd.*
Case No.: 11-CV-01846-LHK (PSG), at *9-10 (N.D. Cal. Sep. 19, 2014) ........ 24

*Applied Information Sciences Corp. v. eBay, Inc*.
511 F.3d 966, 973 (9th Cir. 2007) ................................................. 5

*Berkla v. Corel Crop*.
302 F.3d 909, 924 (9th Cir. 2002) ............................................... 13

*Bibbero Sys., Inc. v. Colwell Sys., Inc.*
893 F.2d 1104, 1109 (9th Cir. 1990)............................................. 13

*Bisson-Dath v. Sony Computer Entm't Am. Inc*.
2012 WL 3025402, at *2 (N.D. Cal. July 24, 2012) ......................... 14

*Cairns v. Franklin Mint Co.*
115 F. Supp. 2d 1185, 1188-89 (C.D. Cal. 2000).............................. 4

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*.
No. 08-4575, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012) ...................... 24

*Chalmers v. City of Los Angeles*
796 F.2d 1205, 1210 (9th Cir. 1986) ................................................ 21

*Classic Media, Inc. v. Mewborn*
532 F.3d 978, 990 (9th Cir. 2008) ................................................... 4

*Clorox Co v. Reckitt Benckiser Grp. PLC*
398 F.Supp.3d 623,635-36 (N.D. Cal. 2019) ................................... 7

*CRST Van Expedited, Inc. v. EEOC*
136 S. Ct. 1642, 1651 (2016)........................................................ 9

Decker Outdoor Corp. v. Romeo & Juliette Inc.
No. 2:15-cv-02812-ODW(CWx), 2016 WL 5842187 at *7 (C.D. Cal. Dec. 1, 2016)............................................................................... 5

*Duhn Oil Tool*, *Inc. v. Cameron Int'l Corp*.
2012 U.S. Dist. LEXIS 134199 at *10 (E.D. Cal. Sept. 19, 2012) ................... 24

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

*Epikhin v. Game Insight N. Am*.
   No. 14-CV-04383-LHK, 2016 WL 1258690, at *5 (N.D. Cal. Mar. 31, 2016) . 11

*Fogerty v. Fantasy, Inc.*
   510 U.S. 517, 533 (1994)..................................................................... 10, 11

*Gonzalez v. City of Maywood*
   729 F.3d 1196, 1202 (9th Cir. 2013) ....................................................... 18

*Gracie v. Gracie*
   217 F.3d 1060, 1071 (9th Cir.2000) ...................................................... 4, 19

*Greg Young Publ'g, Inc. v. Zazzle, Inc*.
   2018 WL 1626053, at *4 (C.D. Cal. Mar. 21, 2018)........................... 13

*Hensley v. Eckerhart*
   461 U.S. 424, 434 (1983)....................................................................... 21

*Holgate v. Baldwin*
   425 F.3d 671, 676 (9th Cir. 2005) ......................................................... 14

*Kerr v. Screen Extras Guild, Inc.*
   526 F.2d 67, 70 (9th Cir. 1975) ............................................................. 18

*Kirtsaneg v. John Wiley & Sons, Inc.*
   579 U.S. 197, 202 (2016)....................................................................... 10

*Kreidler v. Mainstay Bus. Solutions*
   2012 U.S. Dist. LEXIS 93905 at *3 (E.D. Cal. July 6, 2012)............................ 24

*Lieb v. Topstone Industries, Inc.*
   788 F.2d 151, 156 (3d Cir. 1986) ......................................................... 10

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*
   No. C-12-4601 EMC, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014). 11, 12

*Neitzke v. Williams*
   490 U.S. 324, 325-328 (1989) ............................................................. 13

*Oscar v. Alaska Dept. of Educ. and Early Dev*.
   541 F.3d 978, 981 (9th Cir. 2008) .......................................................... 9

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*.
   2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) .......................... 13

*Perlan Therapeutics, Inc. v. Nexbio, Inc*.
   No. 05CV1855 BEN (BLM), 2007 WL 935619, at *2 (S.D. Cal. Mar. 19,
   2007) .............................................................................................. 11, 12

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

*Plantronics, Inc. v. Aliph, Inc.*
  No. 09-1714, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012) ..................... 24

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures, Indus.*
  508 U.S. 49, 60 (1993)....................................................................... 14

*Shame on You Prods., Inc.*
  2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016) ........................................ 13

*SOFA Entm't, Inc. v. Dodger Prods., Inc.*
  709 F.3d 1273, 1280 (9th Cir. 2013) .................................................. 13

*Stephen W. Boney, Inc. v. Boney Servs., Inc.*
  127 F.3d 821, 827 (9th Cir. 1997) .......................................................... 5

*Transport Technologies, LLC v. Los Angeles Metropolitan Transportation Authority*
  2019 WL 2058630 (C.D. CA 2019) ............................................................ 9, 10

*U-Haul Intern inc. v. Jartran, Inc.*
  793 F.2d 1034, 1010-1041 (9th Cir. 1986) ............................................... 6

*Universal Dyeing & Printing, Inc. v. Lularoe, LLC*
  2018 WL 4223725, at *4 (C.D. Cal. July 23, 2018).......................................... 13

*Wolf v. Travolta*
  2016 WL 1676427 (C.D. CA 2016) .......................................................... 11, 12


**Statutes**

17 U.S.C. § 504(c)(2)....................................................................... 12

17 U.S.C. § 505............................................................................... 10, 12

15 U.S.C. § 1117(a) .......................................................................... 4

15 U.S.C. §1125(a) ........................................................................... 2

Business and Professions Code §17200 ..................................................... 2

Federal Rules of Civil Procedure 54(d)(2)(B)(i) ........................................ 9

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE
SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The bar is set very high for any recovery of fees under the Lanham Act.  A defendant must prove that the case was "exceptional" and based on "absurd", "fantastic" and "delusional" facts and law.  Here, Defendant The Sports Mall, LLC ("Defendant" or "Sports Mall") cannot recover attorney's fees because this Court has found time and time again, that Plaintiff Talar Kevorkian's ("Plaintiff" or "Kevorkian") claims are colorable legally and factually.  Even more compelling, this Court has found that the statements at issue in Plaintiff's false advertisement claims were in fact <u>misleading</u>.  While Plaintiff maintained that Sports Mall's statements were also literally false, the court ultimately disagreed.  It could have easily gone the other way.  By no measure can this matter be deemed an "exceptional" case warranting the award of fees to Sports Mall.

Sports Mall's request for fees for a Copyright claim which it substantively lost is what is truly "fantastic" in this case.  This Court found that Sports Mall's conduct constitutes copyright infringement pursuant to the Copyright Act.  The only question that remains is whether Sports Mall's conduct was willful.  Sports Mall uses the two Plaintiffs in the consolidated cases both interchangeably and as unrelated as it suits its elastic application of the facts.  In either event however, there is no dispute that the summary judgment motion decided on the merits found that Sports Mall had infringed the copyrights at issue.

The procedural ruling in Kevorkian's case **without prejudice** on standing, did not change anything of substance in the posture of the case and the claims lodged against Sports Mall after it brought its motion to dismiss.  The possible recovery did not change, the factual allegations which Sports Mall had to defend did not change. The case was essentially the same after the ruling as it was before.  The results of the motion were minimal and insignificant.  The only significant aspect of Sports Mall's aggressive litigation tactics – fully on display in this motion where they have made a

1

request for every dollar they spent and overspent, including a Motion to Dismiss and a Rule 11 Motion (both of which were denied), is multiple thousands of dollars. Even more germane, there was never a "judgment" in Sports Mall's favor on Plaintiff's copyright claim. Numerous cases in the Ninth Circuit have found the degree of success to be mitigated where the Court does not reach the substantive merits of the underlying infringement. Here, the substantive merits of the infringement have been decided against Sports Mall. It is clear that the purpose of the Copyright Act would be subverted by any fees award to Sports Mall since it would encourage infringement.

Plaintiff respectfully requests that Sport Mall's Motion for fees and costs be denied in its entirety.

## II.    FACTUAL AND PROCEDURAL SUMMARY

### 1.   **KEVORKIAN MATTER**

Plaintiff Talar Kevorkian ("Plaintiff or "Kevorkian") filed her complaint against Sports Mall on March 30, 2021, alleging causes of action for Copyright Infringement and Unfair Competition pursuant to Business and Professions Code §17200. (Declaration of Talin V. Yacoubian ("Yacoubian Decl."), at ¶ 5; Docket 1.) On June 15, 2021, Plaintiff amended her complaint and alleged causes of action for Copyright Infringement, Unfair Competition and False Advertising (15 U.S.C. §1125(a)). (Yacoubian Decl. at ¶ 6; Dkt. 18.) In response, Sports Mall filed a Motion to Dismiss all causes of action of Plaintiff's Complaint. [Dkt. 20.] On November 30, 2021, this Court denied Sports Mall's Motion to Dismiss. [Dkt. 34.] (Yacoubian Decl. at ¶ 7.) On December 20, 2021, Plaintiff filed her Second Amended Complaint ("SAC"). ("Yacoubian Decl. at ¶ 8; Dkt. 35.)

In her SAC, Plaintiff alleged that she had been assigned the copyrights of the infringed images by her brother, Sarkis Krikor ("Krikor"), and based thereon owned and controlled the copyright and distribution rights of all items listed on her www.eBay.com stores. (SAC ¶ 8.)

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Despite knowing that Kevorkian and Krikor were siblings running a family business, Sports Mall then engaged in a long and expensive crusade attacking the assignment between Plaintiffs for no other reason than to create an obstruction and waste Plaintiffs' and the Court's resources in pursuit of a meaningless and fleeting procedural advantage based on a pure technicality.  Sports Mall brought not only a second Motion to Dismiss Plaintiff's Claim for Copyright Infringement [Dkt. 45] but also a Rule 11 Motion for Sanctions, both of which were denied.  [Dkts. 50 and 53.]

This Court's Order stated: "The Copyright Claim in Plaintiff's SAC in this matter is not legally baseless.  The Court has dismissed the claim—without prejudice—for lack of standing, **not on its merits.**  See SAC ¶¶ 24–34. [] There is no evidence that Plaintiff did not reasonably believe she could allege that claim at the time she filed the SAC." [Dkt. 53.]

The extensive motion practice necessitated the need to amend the scheduling order which could have been done by stipulation and a court order.  Sports Mall refused to cooperate in any way with Plaintiff.  (Yacoubian Decl. at ¶ 13.)  Sports Mall's uncooperative, unreasonable, and overly aggressive litigation tactics resulted in the filing of multiple unnecessary motions.  The end result of which was that the scheduling order was amended, and the depositions were calendared much in line with the schedule proposed by Plaintiff's counsel prior to the filing of the motions. (Yacoubian Decl. at ¶ 13, *see also,* Dkt. 76].

## 2. **<u>KRIKOR MATTER</u>**

On August 9, 2022, Plaintiff's brother, Sarkis Krikor, filed a complaint for copyright infringement in connection with the same copyright claims which were the subject of Plaintiff's lawsuit.  (Yacoubian Decl. at ¶ 15.)  Sports Mall again filed a motion to dismiss, [Dkt. 15 in the <u>Krikor</u> Matter] and an opposition to the motion to consolidate [Dkt. 16 in the <u>Krikor</u> Matter].  Both were denied and the matters were consolidated on November 9, 2022.  [Dkt. 78.]

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

The discovery in this matter has been minimal.  Sports Mall produced 73 pages of documents of which only 9 pages were Sports Mall's documents, the balance has been produced to Sports Mall by Plaintiff.  Notwithstanding Plaintiff's efforts to meet and confer, Sports Mall produced nothing more.  (Yacoubian Decl. at ¶ 16.)  Sports Mall also did not produce anyone for deposition.  Sports Mall itself took one deposition in the Kevorkian matter and one in the Krikor matter.  The depositions were three hours and two hours respectively by Zoom.  (Yacoubian Decl. at ¶ 17.)

On or about December 2, 2022, Plaintiff Krikor brought a summary judgment motion which was granted in part establishing Sports Mall's infringement.  [Dkt. 45 in the <u>Krikor</u> Matter.]  Sports Mall also brought its own summary judgement motion, which was heavily debated, but in the end granted.  [*Id.*]

## III. ARGUMENT

### A.   SPORTS MALL CANNOT RECOVER FEES INCURRED IN LITIGATING THE LANHAM ACT CLAIM BECAUSE THIS CASE IS NOT "EXCEPTIONAL"

The Lanham Act provides that only in "exceptional cases" the court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Ninth Circuit construes the "exceptional cases" requirement <u>narrowly</u>.  *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008).  It can only be met "when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Id*. (quoting *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir.2000); internal quotation marks omitted).

A claim is not considered factually groundless unless there is "no reasonable basis to believe" in the factual allegations underlying the claim and is not considered legally groundless unless there is "no legal basis" for the claim itself.  *Cairns v. Franklin Mint Co.*, 115 F. Supp. 2d 1185, 1188-89 (C.D. Cal. 2000).  In fact, to be

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

considered for an award of attorney's fees, the bar is set so high that it requires a finding that the claims be "absurd" or "just short of frivolous" contentions of law. *Id* at 1188-1189. Thus, if the claim raises "debatable issues of law and fact," then it cannot be said that the case is an "exceptional" one warranting an award of attorney fees. *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997). When a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced exceptionally meritless claims. *Decker Outdoor Corp. v. Romeo & Juliette Inc.,* No. 2:15-cv-02812-ODW(CWx), 2016 WL 5842187 at *7 (C.D. Cal. Dec. 1, 2016). Even where a plaintiff failed to produce <u>any</u> evidence in support of its claims, the Ninth Circuit upheld a finding that the case was not exceptional because the case was not frivolous and raised debatable issues. *Applied Information Sciences Corp. v. eBay, Inc*. 511 F.3d 966, 973 (9th Cir. 2007).

## 1. PLAINTIFF RAISED DEBATABLE ISSUES

The fact that a summary judgement is granted, only signifies that the court after considering the evidence before it determined that it fell short, not that the claim was groundless or not a colorable claim. If every loss is to be considered "exceptional" then exceptional would become common place. Sports Mall has not provided and cannot provide any evidence that Plaintiff had "no reasonable basis to believe" in the factual allegations underlying the claim.

Here, the Court found that multiple statements made by Sports Mall were misleading, including but not limited to, its use of "In Stock" and its statement "all our products come direct from a private session with the athlete in which a reputable company… was present. We will not purchase any of these items as we only deal direct [sic] with the authenticator."

### i. *Plaintiff's interpretation of "IN STOCK" was reasonable, even if ultimately the Court disagreed with the interpretation*.

In this case, much turned on the meaning of "In Stock" alleged to be literally false by Plaintiff and a <u>matter of first impression</u>. <u>There were no cases prior to this</u>

5

case addressing what "In Stock" means, the same is true for the other statements at issue.  Thus, Plaintiff's argument in support of new precedent seeking to establish that an item cannot be in two places at once and consequently a finding that Defendant's statement "In Stock" was literally false, was a reasonable argument to make on a debatable issue of law and fact since it was a matter of first impression – thus, cannot be an "exceptional case" (e.g., the parties submitted dictionary definitions for the Court's assessment and it was clearly debatable as to whether the statements were merely "misleading" or "literally false" and something that could only be resolved through judicial review).

Plaintiff's supportable position was that for an item to be "In Stock", it must be in the possession, custody, or control of that party. Plaintiff further advanced the argument that including "the ability to obtain an item" from an unrelated third party obviates the concept of "not in stock."  It was further Plaintiff's position that Sports Mall's use of the phrase "In Stock" was literally false because Sports Mall had no way of knowing if the item they advertised as "In Stock" had been sold in the interim by the third-party vendor, since they had no relationship with the third-party sellers.

Ultimately, the court disagreed with Plaintiff's interpretation of "In Stock" as well as other statements and concluded that Sports Mall's statements were not literally false but were misleading.  Importantly, however, this was a debatable question, which indeed was debated, and Plaintiff had a reasonable basis for supporting and advancing her position.  A far cry from the "absurd" or "just short of frivolous" standard necessary for a fee award.

Pursuant to the applicable law, damages are presumed where there is a literally false statement.  *U-Haul Intern inc. v. Jartran, Inc.*, 793 F.2d 1034, 1010-1041 (9th Cir. 1986).  This Court agreed.  Plaintiff relied on this law in good faith in advancing her claims, notwithstanding whether she could prove damages.

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

### ii. *Plaintiff provided evidence that not all items were 100% Authentic.*

Similarly, Plaintiff's provided proof and evidence that the statements by Sports Mall as to its authenticity claim were false.  In addition to Erbek Engili's declaration. Plaintiff also provided image and documentary proof that a collectible "Octo-Spidey" taken from Plaintiff's stores was not "authentic" and nevertheless listed as "100% Authentic" on Defendant's website.  (*See* Talar Kevorkian Krikor's Declaration in Opposition to Sport Mall's Motion for Summary Judgment at ¶10, [Dkt. 35-1 in the Krikor Matter].)  The prevalence of evidence like this in support of her Lanham Act claims makes the argument reasonable and further establishes that this is not the "extraordinary case."[1]

### iii. *Plaintiff also believed that she could successfully prove that Sport's Mall's conduct deceived consumers and harmed Plaintiff.*

In false advertising claims based on misleading statements that are not literally false, proof that the advertising actually conveyed the implied message and thereby deceived recipients is required.  *Clorox Co v. Reckitt Benckiser Grp. PLC*, 398 F.Supp.3d 623,635-36 (N.D. Cal. 2019.)

Plaintiff offered proof that at least one person had been deceived by Sports Mall's website.  (*See* Declaration of Erbek Engili, Dkt. 35-15.)  Plaintiff also offered proof that her business suffered whenever her items were being offered for sale by Sports Mall.  (*See* Declaration of Talar Kevorkian Krikor, at ¶¶ 16, 17, 19, Dkt. 35-1.) In fact, Plaintiff was alerted to Sports Mall's December 2022 taking of thirty photos of items being sold by Plaintiff from an unusual lack of traffic on her items.  (*See* Declaration of Talar Kevorkian Krikor, at ¶¶ 20, 21, Dkt. 35-1.)

This Court concluded that this offered evidence was not sufficient.  Had the matter proceeded to trial, an expert witness may have proven otherwise.  Incidentally, Plaintiff was well within the time to designate a rebuttal expert per the applicable scheduling order.  Sports Mall's representations to the contrary at the summary

---

[1] Plaintiff asserted that Defendant was false to claim "100% Authentic."

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

judgment hearing were false. [2]  In short, this is not the case where Plaintiff provided no evidence, but rather the case where Plaintiff did not carry her burden and the "**evidence [was] insufficient**" based on a debatable legal issue as to whether the statements were "literally false" or merely "misleading." (Dkt # Court Order On MSJ.)

### iv. _Plaintiff's claims were brought in good faith._

Plaintiff's motivation was and remains the right to conduct her business free of Sports Mall's intervention.  While Sports Mall goes to great lengths to paint the sister and brother duo as some sort of criminal masterminds, the fact of the matter is that Ms. Kevorkian started and is trying to grow a small business from home (with her brother's help) while she is caring for her two young children, one of whom suffers from severe asthma.  She has only two eBay stores, KCONLINE and cardsandstuff15 (previously named cardsandcoffee1).  She mixed up the name of her own eBay stores during her deposition because she was nervous.  It was her first deposition.  (_See_ excerpts of Plaintiff's deposition transcript, attached as Exhibit "C" to Yacoubian Decl. at ¶ 18.)  However, and importantly, the name change to cardsandstuff15 was disclosed to Sports Mall almost a year ago in discovery on May 9, 2022.  (Yacoubian Decl. at ¶ 19, _see also,_ bates stamped document TK 0076 produced by Plaintiff.)  The name change had nothing to do with Sports Mall.  What is more, Plaintiff had no way of knowing, and still does not know (based on the litany of excuses offered by Sports Mall to explain its continued infringement) how Sports Mall's "robot/crawler" works – e.g., (i) the "do not copy list" only covers specific eBay stores' names, except it doesn't work because;  (ii) the "do not copy list" is erased every time the robot upgrades.  (_See_ Declaration of Aaron Behar in support of Opposition to Motion for

---

[2] Rebuttal Experts were due on October 11, 2022.  [Dkt. 40.]  On September 22, 2022, this Court vacated all dates and ordered the parties to file a new Scheduling Order.  [Dkt. 76.]  On September 30, 2022, a Scheduling Order was filed, setting forth Rebuttal Expert designation on February 21, 2023.  [Dkt. 77.]  On January 26, 2023, the Court issued a new Scheduling Order setting forth new dates for Expert Disclosures on May 8, 2023, and Rebuttal Expert designation on June 6, 2023.  [Dkt. 46 in the Krikor Matter.]

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Summary Judgment at ¶17 [Dkt. 32-1 in the <u>Krikor</u> Matter]); and regardless (iii) <u>nothing is done to prevent copying of specific items</u>.  (*Id.* at ¶ 16-20.)   Further, Plaintiff understood the "block" to be on the IP address of the store, not the store name, cardsandstuff15 and cardsandcoffee1 are and have always been the same store with the same IP address.

Finally, looking to the other claims, the fact that Sports Mall has been found liable for copyright infringement supports a finding that this is not an exceptional case as to the related false advertising claims irrespective of the summary judgement ruling.

**B.    SPORTS MALL IS NOT THE PREVAILING PARTY ON THE COPYRIGHT CLAIM**

**1.    PLAINTIFF TALAR KEVORKIAN'S COPYRIGHT CLAIM WAS DISMISSED WITHOUT PREJUDICE AND IS NOT A JUDGMENT**

Pursuant to FRCP 54(d)(2)(B)(i), Sports Mall's motion must be made subsequent to a "judgment."  Here, the Court dismissed Plaintiff Kevorkian's copyright claim for lack of standing specifically "**without prejudice**." [Dkt. 53.] (Emphasis in original).  As such, there was no final "judgment" against Kevorkian on the copyright claim which is a necessary prerequisite to Sports Mall's motion for fees as specified by the express language of the Federal Rules of Civil Procedure. FRCP 54(d)(2)(B)(i).

Instructive on the point is *Transport Technologies, LLC v. Los Angeles Metropolitan Transportation Authority* 2019 WL 2058630 (C.D. CA 2019), where the court stated:

> "Prevailing party status is achieved where there is a judicially sanctioned 'material alteration in the legal relationship between the parties.' *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016). Courts have generally held that cases that are dismissed without prejudice cannot confer prevailing party status. *See Oscar v. Alaska Dept. of Educ. and Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) ("[D]ismissal without prejudice does

9

not alter the legal relationship of the parties because the **defendant remains subject to the risk of re-filing**.").  *Transport Technologies, LLC v. Los Angeles Metropolitan Transportation Authority* (C.D. CA 2019) 2019 WL 2058630 at *3 [Emphasis added].

Here, the Court dismissed Talar Kevorkian's copyright claim **without prejudice** and as such there is no "judgment" from which to premise Sports Mall's motion for fees.  Further, Sports Mall was subject to a re-filing of the same copyright claim via Krikor's Complaint and then found to have engaged in copyright infringement.  Thus, Sports Mall has no "judgment," was in fact found guilty of the charge, cannot be a prevailing party, and its motion for fees pursuant to 17 U.S.C. Section 505, should be denied.

## 2. SPORTS MALL CANNOT MEET THE STANDARD FOR FEE AWARDS UNDER 17 U.S.C. § 505

When evaluating a motion for attorney's fees pursuant to the Copyright Act, courts have "broad" discretion within a well-established set of criteria.  *Kirtsaneg v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016).  District Courts "may not 'award [] attorney's fees as a matter of course, rather, a court must make a more particularized case-by-case assessment." Id. (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).  In the 9th Circuit, the court may also consider the non-exclusive *Lieb* factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective unreasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) any need to advance consideration of compensation and deterrence." *Fogerty,* 510 U.S. at 534. N19 (quoting *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3d Cir. 1986)).

The *Lieb* Factors are all in Plaintiff Kevorkian's favor.

10

---

**i. DEGREE OF SUCCESS**

In support of its "success" argument, Sports Mall <u>encourages the Court to put on blinders</u> and look at the case by <u>myopically ignoring the finding that it has been found liable for copyright infringement.</u>  This, while proclaiming it has achieved "Total Success" and a "complete victory."  This makes absolutely no sense and attempts to elevate technical defenses over substance.

As stated by the court in *Wolf v. Travolta,* 2016 WL 1676427 (C.D. CA 2016):

> "[T]he Ninth Circuit has… noted that successful defenses 'do not always implicate the ultimate interests of copyright' because **'copyright defendants do not always reach the merits, prevailing instead on technical defenses**.' *Fogerty II*, 94 F.3d at 560.  Indeed, the court in *Fogerty II* suggested that **success on a technical defense**… **does not implicate the ultimate interests of copyright as much as a defense on the merits of the underlying copyright**."  [Emphasis added]. *Id.* at *3.

Accordingly, numerous courts in the Ninth Circuit have found the relative degree of success in an infringement case to be mitigated where the Court does not reach the substantive merits of the underlying copyright or the question of whether defendants actually infringed. See, e.g., *Epikhin v. Game Insight N. Am.***,** No. 14-CV-04383-LHK, 2016 WL 1258690, at *5 (N.D. Cal. Mar. 31, 2016) (Koh, J.) ("[B]ecause the Court dismissed Plaintiffs' claims based on technical registration requirements and **without prejudice**, the Court finds that the degree of success obtained does not support an award of attorney's fees." [Emphasis added.]); *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. C-12-4601 EMC, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014) (Chen, J.) ("[W]hile [defendant] undoubtedly succeeded in this action, the Court finds the degree of success is mitigated by the fact that **no substantive ruling regarding the underlying question of infringement was made**." [Emphasis added.]); *Perlan Therapeutics, Inc. v. Nexbio, Inc.* (S.D. Cal.

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Mar. 19, 2007) No. 05CV1855 BEN (BLM), 2007 WL 935619, at *2 ("[W]hile Defendants succeeded in obtaining dismissal of the copyright claims, the ruling did not reach the merits and **Plaintiffs were able to re-assert their claims in a new proceeding**. Thus degree of success was small." [Emphasis added.])  See *Wolf v. Travolta* (C.D. CA 2016) 2016 WL 1676427 at *3.

On point is *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014).  In *Minden*, just as in this case, plaintiff Minden Pictures relied on assignments from various photographers to establish standing.  Like *Minden*, here, this court found that plaintiff did not have standing to bring the copyright claims under similar assignment for the same reasons as elucidated by this Court – i.e., technically the assignments were unclear, non-exclusive, and in effect were a "bare right to sue."  *Id.* at *1.  However, when Defendant sought attorney's fees in *Minden*, exactly as they do here based on 17 U.S.C. Section 505 as the prevailing party, the court refused to award defendant's attorney's fees stating:

> "[T]he Court finds the degree of success is mitigated by the fact that **no substantive ruling** regarding the underlying question of infringement **was made**. **Wiley remains subject to suit by each of the individual photographers on whose behalf Minden sought to assert claims.**"  *Id.* at *6.

The facts of this case parallel *Minden* and then go beyond in establishing lack of "success" since here the photographer (i.e., Krikor) actually did initiate a separate suit, consolidated, and then actually proved copyright infringement via MSJ.

The Court has ruled that there was in fact infringement on the same facts alleged in both Complaints and the remaining triable issue of fact is whether the copyright infringement was "willful" pursuant to 17 U.S.C. Section 504(c)(2). (Dkt # Ruling on MSJ).  As such, substantively Sports Mall has lost on the copyright claim

12

based on its actions as originally alleged by Kevorkian and then reiterated by her brother Krikor.

### ii. PLAINTIFF'S POSITION WAS NEITHER OBJECTIVELY UNREASONABLE NOR FRIVOLOUS

A claim in not frivolous under the Copyright Act simply because it is unsuccessful. See *Berkla v. Corel Crop.*, 302 F.3d 909, 924 (9th Cir. 2002).

A claim is objectively unreasonable only "where the party advancing it should have known from the outset that its chances of success in this case were slim to none." *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, 2018 WL 1626053, at *4 (C.D. Cal. Mar. 21, 2018) (citing *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (emphasis added).

Further, "[t]he standard for frivolousness is higher than the standard for objective unreasonableness." *Universal Dyeing & Printing, Inc. v. Lularoe, LLC*, 2018 WL 4223725, at *4 (C.D. Cal. July 23, 2018). "[A] frivolous claim is one in which the factual contention is 'clearly baseless,' such as factual claims that are '**fantastic or delusional scenarios**.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (citing *Neitzke v. Williams*, 490 U.S. 324, 325-328 (1989)).  In this regard, a frivolous claim can only be one that "lacks an arguable basis either in law or in fact" or is not "colorable" or is "without arguable merit." *Neitzke v. Williams*, *supra,* 490 U.S. 319, 325; *see also Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1109 (9th Cir. 1990) (prevailing defendant not entitled to attorney's fees even after prevailing on summary judgment that the claimed copyright was invalid as a matter of law).

"[T]he imposition of fees against a party with an objectively reasonable litigation position generally does not promote the purposes of the Copyright Act." *Shame on You Prods., Inc.*, 2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016). Critical to this analysis is that a legal argument is not unreasonable or frivolous just because it loses.  *See id.* ("[A] legal argument that loses is not necessarily

13

unreasonable."); *Bisson-Dath v. Sony Computer Entm't Am. Inc*., 2012 WL 3025402, at *2 (N.D. Cal. July 24, 2012) ("A claim is not frivolous merely because it is unsuccessful.").

Here, Sports Mall secured a <u>temporary and technical</u> dismissal of the copyright claim, based on language in the exclusive licensing agreement litigated and found to be uncertain and unclear.

**This Court has already ruled** on this factor and on the issue of unreasonableness in its Ruling denying Sports Mall's Motion for Rule 11 Sanctions stating:

> "The Copyright Claim in Plaintiff's SAC in this matter is **not legally baseless**. The Court has dismissed the claim—**without prejudice**—for lack of standing, **not on its merits**. **Plaintiff adequately alleged facts that could plausibly fulfil elements of the copyright claim**. See SAC ¶¶ 24–34. **There is no evidence that Plaintiff did not reasonably believe she could allege that claim at the time she filed the SAC**. See *Prof'l Real Estate Investors, Inc. v. Columbia Pictures, Indus.*, 508 U.S. 49, 60 (1993) (stating that a claim is typically not considered "baseless" unless "no reasonable litigant could realistically expect success on the merits"); cf. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (concluding that a claim was "legally baseless" where the complaint failed on its face to allege a required element of the claim)."
> [Dkt. 76.] [Emphasis added.]

The standing issue was then promptly resolved by a second complaint brought by Plaintiff's brother Sarkis Krikor which was consolidated with Plaintiff's case.  In the end, as to the copyright claim, Sports Mall was found to have infringed on the same images at issue brought by both Plaintiffs.

A temporary and technical ruling, secured only after a thorough analysis by this Court of the Exclusive License Agreement, finding the language inconsistent as it seemed to both transfer entire ownership and a limited right at the same time, by definition, cannot possibly be "baseless."

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

### iii. PLAINTIFF'S MOTIVATION WAS PURE

There is no "bad faith" in filing an action and defending a motion to dismiss. On multiple occasions Plaintiff notified and requested Sport Mall to cease and desist from taking its photos of items she sells and selling them as its own. Sports Mall neither ceased nor desisted. Sports Mall's business model is built on the unauthorized use of other people's items and photos of same with whom they are in direct competition. They bank on the fact that no one will be able to prosecute their rights.

The notion that Plaintiffs tricked Sports Mall by not identifying all of their eBay stores, is ridiculous and contrary to the evidence in the case. Plaintiff notified Sports Mall on September 11, 2020, that it had taken six images of her items and to take them down. (Yacoubian Decl., at ¶ 2, *see also,* the September 11, 2020, letter attached to Yacoubian Decl. as Exhibit "A.") Sports Mall concedes this infringement. However, Sports Mall only temporarily took them down. (Yacoubian Decl., at ¶ 3.) Sports Mall's second round of copying came from the same eBay store subsequent to receiving the letter notice on September 11, 2020, and Sports Mall has declared under penalty of perjury that this occurred because of an "upgrade," not a "trick." (*See* Declaration of Aaron Behar in support of Sports Mall's Opposition to Summary Judgment Motion at ¶ 17, Dkt. 32-1 in the Krikor Matter). Further, Sports Mall's arguments that the **third** instances of infringement occurring **after** the two cease and desist letters are a part of a "honey pot" scheme due to nondisclosure of Plaintiffs' eBay stores, imputes knowledge of Sports Mall's robot's apparent inability to block copying of specific material, or IP addresses– there is simply no evidence whatsoever that Plaintiffs could know this.

Nevertheless, Sports Mall continues to push the notion that this case arises from a "scheme to trick Sports Mall into posting Mr. Krikor's images online for the sole purpose of initiating this lawsuit." *See* Sports Mall's Motion for Fees, pg. 10:15-16. There is no way Plaintiffs nor their counsel could know how Sports

15

---

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Mall's complicated robot worked when they sent the letter demanding that the infringement cease on September 11, 2020, nor at the time of the second cease and desist letter sent on October 21, 2020, nor at the time of the filing of this suit on February 22, 2021 – all they knew is what they observed which is a reckless Frankenstein robot copying everything it can.  (*See* Yacoubian Decl., at ¶¶ 3, 4, *see also,* the October 21, 2020, letter attached to Yacoubian Decl. as Exhibit "B.")

In December of '22 Sports Mall <u>again</u> took thirty images from Plaintiff's eBay store.  Sports Mall falsely maintains it did not know the website cardsandstuff15 belonged to Plaintiff.  But the evidence clearly shows otherwise. (*See* Yacoubian Decl., at ¶ 19, *see also,* bates stamped document TK0076 produced by Plaintiff in May 2022 attached as Exhibit "D" to Yacoubian Decl.)

Plaintiff's motivation was to stop Sports Mall from taking her advertisements.  Sports Mall admits that its crawler searches the internet for items such as those listed by Plaintiff and simply takes them.  (*See* Declaration of Aaron Behar in Support of Sports Mall's Motion to Dismiss at ¶ 18, Dkt. 15-1 in the <u>Krikor</u> Matter.)  Sports Mall does not care if it is taking someone's copyright or hurts their business.  As they have done here, their strategy is to litigate aggressively when they need to rather than seek permission to take someone else's work product (permission which would not be granted to a competitor.)  No one induced Sports Mall to engage in copyright infringement, to the contrary, Plaintiffs all but begged for it to stop, albeit to no avail as it occurred over, and over, and over again.

**iv. THE NEED FOR DETERRENCE**

Here, Plaintiff need not be deterred because she brought what was ultimately a meritorious claim.  Furthermore, Plaintiff Kevorkian is not the registered owner of any other copyrights.

To the extent Plaintiff Sarkis Krikor, may or may not pursue any further copyright infringement claims, that has nothing to do with Plaintiff Kevorkian who is now completely out of this or any future matters.

16

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Moreover, prosecuting a copyright infringement is a right protected under the copyright law. Sarkis Krikor has successfully established that Sports Mall has infringed upon his copyrights. And while not relevant to the instant motion, Sarkis Krikor certainly did not compel Sports Mall to take more of his photographs in the middle of an active litigation. Sports Mall's claims of ignorance as to the ownership of cardsandstuff15 are completely without merit and misrepresent the facts to this Court. As can be plainly seen in what is bates stamped document TK0076, Plaintiff Kevorkian provided to Sports Mall information concerning her Cardandstuff15 eBay store seven months prior to December 2022, when Sports Mall took an additional 30 copyrights of Sarkis Krikor's work. (*See* Yacoubian Decl., at ¶ 19, *see also,* bates stamped document TK0076 produced by Plaintiff in May 2022 attached as Exhibit "D" to Yacoubian Decl.)   Surely during the robust defense of this litigation with four attorneys and countless hours spent on "attention", someone could have blocked Cardsandstuff15 as well, assuming the crawler required a name and not an IP address to prevent its theft. Furthermore, there is no doubt that as far as Plaintiff Kevorkian is concerned, not losing sales in the middle of the World Cup is more important to her than any fantastically perceived litigation advantage that Sports Mall tries to argue.

The consideration in this particular case should be that of deterring Sports Mall from continuing to take the intellectual property of others for its own financial advantage.

## C.   FEE AWARDS UNDER THE COPYRIGHT ACT ARE NOT MANDATORY

Fees should not be awarded, but if they are they should be reduced substantially. Here, Sports Mall seeks $171,855.00 in attorneys' fees and an additional $3,337.06 in costs. First, Sports Mall failed to distinguish which fees were incurred with which tasks. Second, Sports Mall fails to establish that its aggregate fees are reasonable. Instead, Sports Mall includes numerous unnecessary

17

and irrelevant activities.  As noted below, Sports Mall simply lumps all of its expenditures together and asserts that every dollar should be awarded.

### 1. *Sports Mall is Not the Prevailing Party on the Copyright Claim.*

As discussed, there was no "judgment" for Sports Mall on the Copyright Claim.  Sports Mall obtained a dismissal without prejudice.  Importantly, the decision was procedural, not on the merits, and in the consolidated matter decided against Sports Mall.  Thus, Sports Mall cannot be considered a prevailing party and therefore is not entitled to an attorney fee award for any work in connection with the copyright claim.

### 2. *Sports Mall's Demand is Unreasonable.*

Courts have discretion to reduce the lodestar amount of requested attorney's fee.  *See. Eg. Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  The considerations that may counsel in favor of adjusting the lodestar rate include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) *abrogated on other grounds*[3].

Sports Mall seeks fees on multiple motions it has lost:

- 29.10 hours[4] for its first Motion to Dismiss ($13,341.00 in fees)

- 31.20 hours for Rule 11 Motion ($15,850.50 in fees)

---

[3] Sports Mall's attorneys declare to be highly skilled in IP litigation and therefore should be able to efficiently litigate given their depth of knowledge of the applicable law.
[4] Plaintiff has done her best to calculate the hours billed by Sports Mall.  The amount of hours calculated by Plaintiff are approximate, as Sports Mall utilizes block billing.

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

- 63.20 hours for its unnecessary Motion to Compel Plaintiffs' Depositions and the 1ˢᵗ Motion for Summary Judgment ($31,923.00 in fees)
- 23.00 hours in connection with preparation for Plaintiffs' Depositions which were incurred **after** Plaintiffs advised of her unavailability, and offered new dates, and opposition to Plaintiff's Motion to Extend deadlines so that the depositions can be taken at a later date ($15,320.00 in fees)

Sports Mall seeks fees on multiple tasks not applicable to this matter:

- 1.10 hours of research re: Anti – SLAPP ($583.00 in fees)
- 2.00 hours billed on 4/21/2022 for the review of email from M. Rhoades re: trademark representations ($1,050 in fees).

**D.   SPORTS MALL CANNOT RECOVER FEES UNDER THE LANHAM ACT**

*1. The Only Claims on Which Sports Mall Can Possibly Even Request Attorney's Fees is Under the Lanham Act if It Can Prove the Case to Be "Exceptional."*

Sports Mall's invoices reveal that it is possible to apportion and characterize the work. Yet, Sports Mall has made no attempt to apportion the work.

The Ninth Circuit has held that the "impossibility of making an exact apportionment" between covered and non-covered claims does not obviate some attempt to apportion. *Gracie*, 217 F.3d at 1069-70.

Sports Mall has made no effort to separate its Lanham Act fees from those for Copyright.  Notwithstanding its opposition to Plaintiffs' motion to consolidate where Sports Mall argued that the two cases were separate and its argument that the cases should be adjudicated in two different states, now Sports Mall takes a contrary position and argues that they cannot be separated.

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

A review of Sports Mall's invoices shows that only the following work is partially related to the Lanham Act Claim.  (Yacoubian Decl. at ¶ 20.)

| Task | Hours | Amount |
|---|---|---|
| **Complaints / Initial Filings** | | |
| Review Complaint | 2.30 | $1,179.00 |
| Communication re: extension | 0.6 | $306.00 |
| Communication with Client re: Complaint | 0.5 | $255.00 |
| Communication with Client re: Amended Complaint | 0.5 | $255.00 |
| Review of the Second Amended Complaint | 1.20 | $491.00 |
| Second Scheduling Report | 0.90 | $472.50 |
| **Total: $2,958.50** | | |
| | | |
| **DISCOVERY** | | |
| Review and preparation of Initial Disclosures | 1.20 | $630.00 |
| Draft of Discovery Requests | 4.20 | $2,205.00 |
| Document Production | 1.40 | $735.00 |
| Review Plaintiff's Production | 1.00 | $525.00 |
| Communication re: Discovery | 0.40 | $210.00 |
| Communications with Client and counsel re: Depos | 1.50 | $768.00 |
| **Total Discovery: $5,073.00** | | |
| **TOTAL: $8,031.50 (MAJORITY OF WORK WAS IN CONNECTION WITH THE COPYRIGHT CLAIM, THEREFORE SPORTS MALL IS ONLY ENTITLED TO 1/3RD OF THE FEES $2,677.16)** | | |

| | | |
|---|---|---|
| **SECOND MSJ** | | |
| Second MSJ | 11.50 | $6,026.50 |
| Second MSJ Reply | 21.10 | $11,493.00 |
| **TOTAL: $17,519.50** | | |
| **TOTAL FEES FOR LANHAM ACT: $20,196.66** | | |

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

***2. Sports Mall's Invoices Should be Excised for Duplicative Work by Multiple Counsel, Excessive Fees and Overstaffing.***

A court should excise any hours that are duplicative, excessive, or otherwise unnecessary. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This Court should excise hours that are excessive for particular tasks and hours for simple tasks involving multiple attorneys.

| Task | Hours | Amount |
|---|---|---|
| Communication re: Amended Complaint (Time billed by 3 attorneys - SMB 0.3/$159 + MMR 0.3/$135 + JTT 0.7/$357) | 1.30 | $651.00 |
| Preparation of Answer | 6.10 | $3,185.00 |
| Review of Pretrial and Scheduling Order (Time billed by 2 attorneys - SMB 0.6/$330 + JTT 0.5/$262.50) | 1.10 | $592.50 |
| | | |
| **DISCOVERY** | | |
| Responding to Discovery | 7.90 | $4,147.50 |
| Depositions & Preparations | 12.10 | $6,352.50 |
| Preparation of Rule 26 Report | 4.80 | $2,537.50 |
| **SECOND MSJ** | | |
| Travel to and prepare for MSJ hearing | 10.40 | $5,687.00 |
| | | |
| **TOTAL: $23,153.00** | | |

The burden is on the fee applicant to demonstrate that its hours were "reasonably expended" and that it made a "good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. Sports Mall has made absolutely no effort to meet its burden. For example, despite having a California office, Sports Mall used a Florida attorney leading to significant duplicative work, including (travel and means), and attendance by J. Todd Timmerman at the summary judgment hearing. (Yacoubian Decl. at ¶ 20.) Sports Mall also billed 12.10 hours for preparation for two depositions of Plaintiffs, when

21

the depositions lasted three hours and two hours respectively.  Further, Sports Mall cannot claim fees in connection with Plaintiff Sarkis Krikor's deposition.  Plaintiff Sarkis Krikor was deposed as a Plaintiff in the Krikor matter.  (Yacoubian Decl. at ¶ 17.)  Furthermore, Sports Mall's unsuccessful Rule 11 Motion was not only related to the Copyright claim, but was also completely unnecessary, as was its motion to compel, request for sanctions, and first summary judgement motion.  The foregoing were easily addressed by a stipulation and order to amend the scheduling order. If fees are awarded, which Plaintiff disputes, the Court should reduce it to account for excessive billing.

Sports Mall is also not entitled to its fees for the preparation of the Fee Motion, which Sports Mall claim to be $28,136.50.

### FEES TO BE EXCLUDED

| Task | Hours | Amount |
|---|---|---|
| Attention to Filings and Case | 8.30 | $4,383 |
| Settlement Communications | 2.20 | $1,128.00 |
| Pro Hac Vice | 0.40 | $212 |
| Research re: Anti-SLAPP | 1.10 | $583.00 |
| 1ST Motion to Dismiss | 9.20 | $3,428.00 |
| 1ST Motion to Dismiss/Reply | 15.00 | $7,620.00 |
| Prepare for 1ST Motion to Dismiss Hearing | 2.20 | $1,146.00 |
| Review 1ST Motion to Dismiss Order | 2.70 | $1,147.00 |
| Unknown Communications re: Various Trademark Registrations | 2.00 | $1,050.00 |
| Rule 11 Motion | 26.60 | $13,455.00 |
| Rule 11 Motion Reply | 4.60 | $2,395.50 |
| Opposition to Plaintiff's Motion for Leave | 19.60 | $10,172.00 |
| Preparation for Depositions/Opposition to Plaintiff's Motion to Extend Deadlines | 4.20 | $2,205.00 |
| Opposition to Plaintiff's Motion to Extend Deadlines | 0.80 | $368.00 |
| 2nd Motion to Dismiss | 14.60 | $7,665.00 |
| 2nd Motion to Dismiss/Reply | 13.20 | $6,860.50 |
| Prepare for 2nd Motion to Dismiss and Plaintiff's Motion for Leave hearing | 4.80 | $2,540.00 |
| Attorney Fee Motion | 52.00 | $23,136.50 Plus anticipated $5,000.00 |

22

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

| Total: $94,495.00 | | |
|---|---|---|
| | | |
| **MISC** | | |
| Expert Disclosures and Communications re: same | 2.10 | $1,050.50 |
| Communication re Cancellation of Expert Depo | 0.90 | $495.00 |
| **Total Misc: $1,545.50** | | |
| | | |
| **DISCOVERY** | | |
| Meet and Confer re: Defendant's Deficient Responses | 3.00 | $1,575.00 |
| Misc Communications re: discovery and depositions/Defendant's Refusal to Cooperate in Rescheduling Depositions | 6.20 | $3,255 |
| Preparation for Depositions (After Plaintiff's Cancellation) | 8.10 | $4,252.50 |
| Communication with Client re: Depositions | 0.70 | $367.50 |
| **Discovery Total: $9,450.00** | | |
| **MOTION TO COMPEL & 1ST MSJ** | | |
| Motion to Compel | 6.80 | $3,570 |
| Motion to Compel and MSJ | 7.70 | $4,042.50 |
| Reply re Motion to Compel and for Sanctions | 7.30 | $3,767.50 |
| Research re: Standing & MSJ | 4.10 | $1,168.50 |
| Research and Communications re: Standing | 4.80 | $2,500.50 |
| MSJ | 15.30 | $7,844.00 |
| MSJ Reply | 14.50 | $7,612.50 |
| Communications with Client and Court re: MSJ | 2.7 | $1,417.50 |
| **MOTION TO COMPEL & 1ST MSJ Total: $31,923.00** | | |
| **TOTAL FEES TO BE EXCLUDED: $137,413.50** | | |

### 3. Sports Mall is not Entitled to Non-Taxable Costs.

Sports Mall requests award of its fees comprising of $1,500.00 fees paid to the Clerk of the Court in connection with pro hac vice applications for Mr. Timmerman,

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE
SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Ms. Richter, and Mr. Ceriale. Berman; $1,452.15 for Plaintiff Kevorkian and Sarkis Krikor's deposition transcripts; and $384.91 for copy costs.

### i. Pro hac vice application costs are not recoverable.

Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 do not specifically authorize *pro hac vice* fees as taxable costs. *See also*, *Kreidler v. Mainstay Bus. Solutions*, 2012 U.S. Dist. LEXIS 93905 at *3 (E.D. Cal. July 6, 2012); "pro hac vice fees are not recoverable as costs." *Duhn Oil Tool*, *Inc. v. Cameron Int'l Corp*., 2012 U.S. Dist. LEXIS 134199 at *10 (E.D. Cal. Sept. 19, 2012) (declining to award pro hac vice fees as costs). Here, the same firm retained by Sports Mall had attorneys in Los Angeles, in addition to the large number of available lawyers and experts in IP litigation in the greater Los Angeles area. If Sports Mall chose to retain Mr. Timmerman and his team, Sports Mall is responsible for that choice and the cost of same.

### ii. The deposition fees are unreasonable.

On November 2, 2022, Sports Mall took Plaintiff Kevorkian's deposition. Thereafter, on November 10, 2022, Sports Mall took Sarkis Krikor's deposition. The deposition of Sarkis Krikor was taken not as a witness to Plaintiff Kevorkian's lawsuit but as a Plaintiff in the Krikor matter. (Yacoubian Decl. at ¶ 17.) Therefore, Sports Mall cannot recover $535.00 in fees in connection with Sarkis Krikor's deposition. Neither can Sports Mall recover fees for the "rushed" transcript of Plaintiff Kevorkian's deposition. *See, e.g., Plantronics, Inc. v. Aliph, Inc*., No. 09-1714, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012); *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. 08-4575, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012), see also, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No.: 11-CV-01846-LHK (PSG), at *9-10 (N.D. Cal. Sep. 19, 2014). Any costs awarded to Sports Mall for Plaintiff Kevorkian's deposition transcript must be reduced.

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

### iii. *Sports Mall cannot recover all of its copying costs.*

Sports Mall's request for copy fees must be denied for several reasons. First, it is not apparent that the copy costs were incurred in connection with this matter. Second, Plaintiff is left to assume for which tasks these various fees were incurred. By applying the dates of the invoices to the docket, Plaintiff assumes that $91.98 on July 26, 2022, and $38.54 on August 31, 2022 were incurred in connection with Sports Mall's Rule 11 Motion and Reply which was denied. Further, $39.64 on August 26, 2022, and $54.80 on September 9, 2022, were incurred in connection with Sports Mall's unreasonable Motion to Compel Plaintiff's depositions which was again denied. Sports Mall seeks $134.25 for the courtesy copies of its 1st Summary Judgment Motion which was premature and denied.

Finally, because Sports Mall is not prevailing party in connection with the Copyright claim, it cannot recover $25.73 incurred on July 22, 2022, in connection with Sports Mall's Reply in support of Motion to Dismiss.

Therefore, Sports Mall's request for costs should be denied.

## IV.   CONCLUSION

Plaintiff Talar Kevorkian Krikor respectfully requests that Defendant's The Sport Mall, LLC's Motion for Attorney's Fees and Costs be denied in its entirety.

Dated:  February 17, 2023                    Respectfully submitted,

                                             Yacoubian & Powell LLP

                                             _____
                                             Talin V. Yacoubian
                                             Attorneys for Plaintiffs
                                             SARKIS KRIKOR and TALAR
                                             KEVORKIAN KRIKOR

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

1
2

## PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2060

3

4

5

I, Nara Kpryan, declare as follows:  I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 725 S. Figueroa Street, Suite 1750, Los Angeles, California 90017, which is located in the County of Los Angeles where the service took place.

6

7

8

9

On February 17, 2023, I served the foregoing document described as: **PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR** on all interested parties in this action:

10

☒ **VIA ELECTRONIC MAIL:**

11

12

13

I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified below, using the e-mail address(es) indicated.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

14

15

16

17

18

19

20

Matthew A. Ceriale, Esq.
J. Todd Timmerman
Shumaker, Loop & Kendrick LLP
Bank of America Plaza
101 East Kennedy Boulevard, Suite 2800
Tampa, FL 33602
mceriale@shumaker.com
ttimmerman@shumaker.com

21

22

☒          (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

23

Executed on February 17, 2023, at Los Angeles, California.

24

25

___Nara Kpryan_____          ___/s/ Nara Kpryan____

26

27

28

---

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OPPOSITION TO DEFENDANT THE SPORTS MALL, LL'S MOTION FOR ATTORNEY'S FEES AND COSTS**