Talin V. Yacoubian (State Bar No. 169439)
YACOUBIAN & POWELL LLP
725 South Figueroa St. Suite 1750
Los Angeles, California 90017
Telephone: (213) 955-7145
Facsimile:  (213) 955-7146

Attorneys for Plaintiffs Sarkis Krikor and Talar Kevorkian Krikor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARKIS KRIKOR, an individual;<br><br>     Plaintiff,<br><br>          vs.<br><br>THE SPORTS MALL, LLC, a Florida limited liability company, and DOES 1 through 10, inclusive<br><br>     Defendants.<br><br>TALAR KEVORKIAN KRIKOR, an individual;<br><br>     Plaintiff,<br><br>          vs.<br><br>THE SPORTS MALL, LLC, a Florida limited liability company, and DOES 1 through 10, inclusive<br><br>     Defendants. | Case No. 2:22-CV-05600-DMG (MRWx)<br>Consolidated with Case No. 2:21-CV-02747-DMG (MRWx)<br><br>Judge: Hon. Dolly M. Gee<br><br>**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR**<br><br>Hearing Date: March 10, 2023<br>Time: 9:30 a.m.<br>Courtroom: 8C |

Plaintiff TALAR KEVORKIAN KRIKOR, ("Plaintiff"), by and through her undersigned counsel, respectfully submits the following objection to Defendant THE SPORTS MALL, LLC's ("Defendant" or "Sports Mall") Application to the Clerk to Tax Costs Against Plaintiff Talar Kevorkian Krikor.

i

# PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS

**A.**  *SPORTS MALL IS NOT ENTITLED TO NON-TAXABLE COSTS.*

Sports Mall requests award of its fees comprising of $1,500.00 fees paid to the Clerk of the Court in connection with pro hac vice applications for Mr. Timmerman, Ms. Richter, and Mr. Ceriale. Berman; $1,452.15 for Plaintiff Kevorkian and Sarkis Krikor's deposition transcripts; and $384.91 for copy costs.

*i. Pro hac vice application costs are not recoverable.*

Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 do not specifically authorize *pro hac vice* fees as taxable costs. *See also*, *Kreidler v. Mainstay Bus. Solutions*, 2012 U.S. Dist. LEXIS 93905 at *3 (E.D. Cal. July 6, 2012); "pro hac vice fees are not recoverable as costs." *Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*, 2012 U.S. Dist. LEXIS 134199 at *10 (E.D. Cal. Sept. 19, 2012) (declining to award pro hac vice fees as costs). Here, the same firm retained by Sports Mall had attorneys in Los Angeles, in addition to the large number of available lawyers and experts in IP litigation in the greater Los Angeles area. If Sports Mall chose to retain Mr. Timmerman and his team, Sports Mall is responsible for that choice and the cost of same.

*ii. The deposition fees are unreasonable.*

On November 2, 2022, Sports Mall took Plaintiff Kevorkian's deposition. Thereafter, on November 10, 2022, Sports Mall took Sarkis Krikor's deposition. The deposition of Sarkis Krikor was taken not as a witness to Plaintiff Kevorkian's lawsuit but as a Plaintiff in the Krikor matter. (*See* Declaration of Talin V. Yacoubian Decl. at ¶ 17 in Support of Plaintiff's Opposition to Defendant's Motion for Attorney's Fees; [Dkt. 50-1].)  Therefore, Sports Mall cannot recover $535.00 in fees in connection with Sarkis Krikor's deposition.  Neither can Sports Mall recover

1

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR**

fees for the "rushed" transcript of Plaintiff Kevorkian's deposition.  *See, e.g., Plantronics, Inc. v. Aliph, Inc*., No. 09-1714, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012); *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. 08-4575, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012), see also, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No.: 11-CV-01846-LHK (PSG), at *9-10 (N.D. Cal. Sep. 19, 2014).  Any costs awarded to Sports Mall for Plaintiff Kevorkian's deposition transcript must be reduced.

### *iii. Sports Mall cannot recover all of its copying costs.*

Sports Mall's request for copy fees must be denied for several reasons.  First, it is not apparent that the copy costs were incurred in connection with this matter.  Second, Plaintiff is left to assume for which tasks these various fees were incurred.  By applying the dates of the invoices to the docket, Plaintiff assumes that $91.98 on July 26, 2022, and $38.54 on August 31, 2022 were incurred in connection with Sports Mall's Rule 11 Motion and Reply which was denied.  Further, $39.64 on August 26, 2022, and $54.80 on September 9, 2022, were incurred in connection with Sports Mall's unreasonable Motion to Compel Plaintiff's depositions which was again denied.  Sports Mall seeks $134.25 for the courtesy copies of its 1st Summary Judgment Motion which was premature and denied.

Finally, because Sports Mall is not prevailing party in connection with the Copyright claim, it cannot recover $25.73 incurred on July 22, 2022, in connection with Sports Mall's Reply in support of Motion to Dismiss.

/ / /

/ / /

/ / /

/ / /

/ / /

2

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR**

1 | Therefore, Sports Mall's request for costs should be denied.

Dated: February 17, 2023

Respectfully submitted,

Yacoubian & Powell LLP

_____
Talin V. Yacoubian
Attorneys for Plaintiffs
SARKIS KRIKOR and TALAR KEVORKIAN KRIKOR

3

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR**

# PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2060

I, Nara Kpryan, declare as follows: I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 725 S. Figueroa Street, Suite 1750, Los Angeles, California 90017, which is located in the County of Los Angeles where the service took place.

On February 17, 2023, I served the foregoing document described as: **PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR** on all interested parties in this action:

☒ **VIA ELECTRONIC MAIL:**

I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified below, using the e-mail address(es) indicated. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

Matthew A. Ceriale, Esq.
J. Todd Timmerman
Shumaker, Loop & Kendrick LLP
Bank of America Plaza
101 East Kennedy Boulevard, Suite 2800
Tampa, FL 33602
mceriale@shumaker.com
ttimmerman@shumaker.com

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 17, 2023, at Los Angeles, California.

  Nara Kpryan                                    /s/ Nara Kpryan

4

**PLAINTIFF TALAR KEVORKIAN KRIKOR'S OBJECTION TO DEFENDANT THE SPORTS MALL, LLC'S APPLICATION TO THE CLERK TO TAX COSTS AGAINST PLAINTIFF TALAR KEVORKIAN KRIKOR**