UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
| Title | *Sarkis Krikor, et al. v. The Sports Mall LLC, et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION FOR ATTORNEY'S FEES [48]**

Before the Court is Defendant The Sports Mall LLC's ("Sports Mall") Motion for Attorneys' Fees against Plaintiff Talar Kevorkian Krikor ("Kevorkian").[1]  [Doc. ## 48 ("MAF").]  The motion is fully briefed.  [Doc. ## 50 ("Opp."), 54 ("MAF Reply").]  Having carefully considered the parties' written submissions, the Court **DENIES** Sports Mall's MAF for the reasons set forth below.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from Sports Mall's use of photographs on its website, which were taken by Plaintiff Sarkis Krikor ("Krikor") and advertised on websites owned by his sister and business associate, Kevorkian.  Plaintiffs filed different suits against Sports Mall, and the two lawsuits were consolidated into the present action.  [Doc. # 24.]  Now, Sports Mall seeks attorney's fees for its successful defense against all claims brought by Kevorkian.

On March 30, 2021, Kevorkian filed suit against Sports Mall asserting claims for copyright infringement, violations of California's Unfair Competition Law ("UCL"), California Business and Professional Code section 17200 *et seq.* ("Count II"), and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a) ("Count III").  *See* Compl. ¶¶ 24–39, *Kevorkian v. The Sports Mall, LLC*, No. CV 21-2747-DMG (MRWx) (C.D. Cal. Mar. 30, 2021) ("*Kevorkian* Action"), Doc. # 1.

---

[1] Although Sports Mall styles its motion as one for attorneys' fees *and costs*, the Court notes that Sports Mall already has filed an Application to the Clerk to Tax Costs to recover its taxable costs against Kevorkian and the Clerk has not yet acted on the Application.  [Doc. # 49.]  The Court therefore declines to address the issue of costs at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
| Title | *Sarkis Krikor, et al. v. The Sports Mall LLC, et al.* | Page | 2 of 7 |

Sports Mall moved to dismiss Kevorkian's Second Amended Complaint ("MTD") and this Court granted the motion without prejudice as to the copyright infringement claim. *Kevorkian* Action, Doc. # 53. Following the successful MTD, Sports Mall sought Rule 11 and Rule 37 sanctions against Kevorkian for litigation misconduct and for bringing a frivolous copyright claim when she lacked standing. *Id.*, Doc. ## 50 ("Rule 11 Motion"), 59 ("Rule 37 Motion"). The Court denied both motions. *Id.*, Doc. # 76. Subsequently, Sports Mall moved for summary judgment as to counts II and III of Kevorkian's operative complaint, and the Court granted the motion. [Doc. # 45 ("MSJ Ord.")]

Sports Mall now seeks $171,885.00 in attorney's fees for successfully defending all claims filed by Kevorkian. MAF at 13, 26.[2] Sports Mall claims it is entitled to attorney's fees because Kevorkian brought frivolous claims when she had no standing and no evidence to support her allegations. *Id.* at 12.

## II.
## LEGAL STANDARD

### A.    Copyright Act

When evaluating a motion for attorney's fees in a copyright action, courts have "broad" discretion within a well-established set of criteria. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016). District courts "may not 'award[ ] attorney's fees as a matter of course'; rather, a court must make a more particularized case-by-case assessment." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Additionally, prevailing plaintiffs and prevailing defendants are treated the same so as to "encourage . . . [defendants] to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* (second alteration in original). Courts in this Circuit also consider the following non-exclusive factors known as the *Lieb*[3] factors: (1) success obtained, (2) frivolousness, (3) motivation, (4) "objective unreasonableness (both in the factual and in the legal components of the case)," and (5) any case-specific need to "advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb*, 788 F.2d at 156); *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996). Finally, courts "should give substantial weight to the objective reasonableness of the losing party's position," in addition to the other factors, in deciding whether to award fees. *Kirtsaeng*, 579 U.S. at 199–200.

---

[2] All page references herein are to page numbers inserted by the CM/ECF system.

[3] *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
|---|---|---|---|
| Title | *Sarkis Krikor, et al. v. The Sports Mall LLC, et al.* | Page | 3 of 7 |

**B.  Lanham Act**

Under the Lanham Act, a prevailing party may recover "reasonable attorney fees" in "exceptional cases." 15 U.S.C. § 1117(a). An "exceptional case" is one that "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016). There is no precise formula for determining whether a party's litigating position is sufficiently substantively weak or whether its litigation conduct was sufficiently unreasonable for the court to award attorneys' fees. Instead, the Supreme Court has set out a non-exhaustive list of factors to consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014). Courts should weigh these factors while considering the totality of the circumstances using a preponderance of the evidence standard. *SunEarth*, 839 F.3d at 1180–81. With these guidelines in mind, the decision to award attorneys' fees ultimately rests within the discretion of the district court. *Octane Fitness*, 572 U.S. at 553.

**III.
DISCUSSION**

Sports Mall requests an award of $171,885 in attorney's fees incurred during its successful defense against Kevorkian's copyright infringement and Lanham Act claims. MAF at 15. The Court addresses each claim in turn.

**A.  Copyright Act**

Sports Mall claims it is entitled to attorney's fees because it successfully defended the copyright infringement claim brought by Kevorkian and the *Lieb* factors support a fee award. *See id.* at 15–24. Sports Mall argues Kevorkian brought the claim in bad faith because Kevorkian did not have standing or evidence to bring the claim. *Id.* at 23–24.

**1.  Success Obtained**

Kevorkian pursued one claim of copyright infringement against Sports Mall. *See* SAC. The Court dismissed this claim because, after construing a poorly drafted License Agreement, it concluded that Kevorkian did not have standing to bring the claim. MTD Ord. at 5. Sports Mall argues it obtained total success consistent with this Court's decision in *Sofa Entm't, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
|---|---|---|---|
| Title | *Sarkis Krikor, et al. v. The Sports Mall LLC, et al.* | Page | 4 of 7 |

*Dodger Productions, Inc.*, No. CV 08-2616-DMG (PJWx), 2010 WL 6397558, at *1 (C.D. Cal. Nov. 29, 2010). *Sofa* is different from the case at issue, however, because *Sofa* was decided on its merits on a summary judgment motion whereas this claim was dismissed without prejudice for lack of standing. The Ninth Circuit has held that success on a "technical defense" does not support an award of fees in Copyright Act cases in the same way as a successful defense on the merits. *Fantasy, Inc. v. Fogerty ("Fogerty II")*, 94 F.3d 553, 560 (9th Cir. 1996). Here, the degree of success was mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made. *Cf. Nutrivita Lab'ys, Inc. v. VBS Distribution Inc.*, 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016), *aff'd*, 697 F. App'x 559 (9th Cir. 2017).

Moreover, the Court dismissed Kevorkian's claim without prejudice. While Sports Mall successfully defended its copyright infringement claim against Kevorkian, Sports Mall remains subject to suit by Krikor for the same infringement. *See Perlan Therapeutics, Inc. v. Nexbio, Inc.*, No. CV 05-1855-RTB, 2007 WL 935619, at *2 (S.D. Cal. Mar. 19, 2007) (holding Defendant's degree of success was small because the dismissed copyright claim was re-asserted in a new proceeding). Turning to the merits of Krikor's copyright infringement claim, which was originally asserted by Kevorkian, this Court held Sports Mall infringed on the copyright of Krikor's images.[4] MSJ Ord. at 22. Accordingly, this factor only weighs slightly in Sports Mall's favor, since its success on the copyright infringement claim is mitigated by the circumstances.

### 2. Frivolousness and Objective Reasonableness

The Court's dismissal of Kevorkian's copyright claim does not render it automatically frivolous or objectively unreasonable. A claim is not frivolous under the Copyright Act simply because it is unsuccessful. *See Berkla v. Corel Corp.*, 302 F.3d 909, 924 (9th Cir. 2002).

Sports Mall argues Kevorkian's copyright claim was frivolous because Kevorkian did not have standing to bring the claim. MAF at 17. A frivolous claim is one that "lacks an arguable basis either in law or in fact" or is not "colorable" such as factual claims that are "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *see also Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1109 (9th Cir. 1990) (prevailing defendant not entitled to attorneys' fees even after prevailing on summary judgment that the claimed copyright was invalid as a matter of law). While it is true that plaintiff did not have standing to bring the claim, this Court determined Kevorkian "adequately alleged facts that could plausibly fulfill elements of the copyright claim." *Kevorkian* Action, Doc. # 76 at 3. Further, this Court already held that

---

[4] While the Court granted summary judgment to Krikor on the infringement, it is still unclear whether he will recover under his Copyright Act claim because the Court denied summary judgment on the willfulness of Sports Mall's infringement and its unclean hands defense.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
| Title | *Sarkis Krikor, et al. v. The Sports Mall LLC, et al.* | Page | 5 of 7 |

Kevorkian's claims were not factually or legally baseless and declines to reconsider its previous ruling. *See id.* at 3–4; *see also Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993) (under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

There are no conditions present in this case that would justify reconsidering whether Kevorkian's claim lacked a factual and legal basis. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.") (citation omitted). Because this claim was not frivolous or objectively unreasonable, this factor weighs against awarding fees.

### 3. Motivation

Indicia of bad faith includes evidence that demonstrates a party "is in the business of litigation, not protecting its copyrights" or "stimulat[ing] artistic creativity for the general public good." *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-7098-AB (SHx), 2015 WL 1746484, at *9 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (internal quotation omitted).

Sports Mall claims Kevorkian is motivated by bad faith to pursue her copyright claim, as she did not try to rectify the infringement prior to bringing suit. *See* MAF at 22–23. Sports Mall further contends Kevorkian acted in bad faith before and during litigation because she did not properly alert Sports Mall of the different stores titled "coffeeandstuff1" and "cardsandstuff15." *Id.* at 21–22. In fact, Kevorkian argues she attempted to clarify the two eBay stores titled "Kconline" and "cardsandstuff15," and disclosed one of the changes she made to the stores' names several months ago to Sports Mall. Opp. at 14–15; Decl. of Talin V. Yacoubian ISO MAF Opp., Ex. C (excerpts from deposition transcript of Kevorkian) at 5–6 [Doc. # 50-4]. Because Kevorkian is unfamiliar with Sports Mall's "crawler" technology, Kevorkian believed the store names were immaterial since both stores operated under one IP address. *See* Opp. at 14–15.

Once again, this Court declines to reconsider its previous ruling that Kevorkian did not act in bad faith. *See Kevorkian* Action, Doc. # 76 at 4 (noting "good faith effort to cure" the standing issue and "declin[ing] to make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." (internal quotation omitted)). This factor also weighs against attorney's fees.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
|---|---|---|---|
| Title | Sarkis Krikor, et al. v. The Sports Mall LLC, et al. | Page | 6 of 7 |

### 4. Deterrence

Sports Mall argues the deterrence factor is important in preventing Kevorkian from filing future frivolous lawsuits, which Kevorkian threatens she will do again for a different online store. MAF at 24. The deterrence factor recognizes that "[d]eterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends." *Scott v. Meyer*, No. CV 09-6076-ODW (RZx), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010). At the same time, courts must be careful not to "discourage starving artists from defending copyrights in original works due to the threat of attorney's fees." *Brod v. Gen. Pub. Grp., Inc.*, 32 F. App'x 231, 236 (9th Cir. 2002) (internal quotation omitted).

Sports Mall contends that Kevorkian's claim is frivolous, and that Kevorkian must be deterred from bringing such claims in the future. MAF at 23–24. Unlike in the cases Sports Mall cites, there has already been an explicit finding in this case that Kevorkian acted in good faith and her claims were not frivolous. *Cf. Jitrade, Inc. v. Alexia Admor French Designer Grp. Ltd*, No. CV 18-5009-DMG (SKx), 2019 WL 13092935, at *4 (C.D. Cal. Sept. 17, 2019). Under these circumstances, a fee award would not serve any deterrence rationale.

Sports Mall has not demonstrated that Kevorkian has been "overaggressive" in prosecuting infringement claims. While Sports Mall may be subject to future lawsuits by Kevorkian, it is likely due to the nature of Sports Mall's business model—to commission an internet tool to crawl the internet for pictures to post on its website without permission. This factor does not support attorney's fees because Kevorkian's claim ultimately had merit, even if it had to be asserted on behalf of Krikor.

In sum, Sports Mall has not demonstrated it is entitled to attorneys' fees under the Copyright Act.

### B. Lanham Act

Sports Mall also argues that a fee award is justified because Plaintiff had no evidence to support the Lanham Act claim. MAF at 25–26.

The Supreme Court has instructed that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to be 'exceptional.'" *Octane Fitness*, 572 U.S. at 546. Defendant argues that Plaintiffs' case was weak enough to warrant a fee award because Kevorkian failed to offer evidence as to deception,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-5600-DMG (MRWx) | Date | March 31, 2023 |
|---|---|---|---|
| Title | *Sarkis Krikor, et al. v. The Sports Mall LLC, et al.* | Page | 7 of 7 |

reliance, or injury—three elements necessary for a Lanham Act violation. MAF at 25–26. The Court does not find this argument persuasive.

Rather, the Court finds Plaintiff raised colorable claims during this litigation. Plaintiff raised novel issues concerning how the term "in stock" should be interpreted and presented evidence that some of Defendant's items were not 100% authentic. *See* MSJ Ord. at 10–13; *see also Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (if issues are "debatable," a plaintiff's case is not frivolous); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) (affirming denial of attorneys' fees when plaintiff's claim "involved close questions in an unsettled area of the law"). The fact that Sports Mall ultimately prevailed on that issue does not make this case exceptional. If every case in which a defendant prevailed on a motion or at trial on a plaintiff's claim required an award of attorneys' fees, the Lanham Act's instruction to courts to award attorneys' fees only in exceptional cases would be meaningless. Nothing about Kevorkian's substantive claims "stand out" enough from other cases to make the case "exceptional" under the Lanham Act.

Sports Mall has not demonstrated that this case is "exceptional" within the meaning of the Lanham Act's attorneys' fees provision.

## IV.
## CONCLUSION

In light of the foregoing, Sports Mall's MAF is **DENIED**.

**IT IS SO ORDERED**.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|